```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| HUMBERT CARRERAS, | HONORABLE JEROME B. SIMANDLE |
| Petitioner, | |
| v. | Civil No. 08-1170 (JBS) |
| JEFF GRONDOLSKY, | **O P I N I O N** |
| Respondent. | |

APPEARANCES:

Paul S. Brenner, Esq.
401 Broadway, Suite 306
New York, NY 10013
     Attorney for Petitioner


RALPH J. MARRA, JR.
Acting United States Attorney
By: John Andrew Ruyman
     Assistant United States Attorney
402 E. State Street, Suite 430
Trenton, NJ 08608
     Attorney for Respondent


**SIMANDLE**, District Judge:

   This matter is before the court because Humbert Carreras filed a petition for habeas corpus relief pursuant to 28 U.S.C. § 2241,[1] challenging his conviction and sentence on the grounds of

---

[1] Section 2241 provides in relevant part:

(a) Writs of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions . . . (c) The writ of habeas corpus shall not extend to a prisoner unless . . . (3) He is in custody in violation of the Constitution or laws or treaties of the United States . . .

ineffective assistance of counsel. In response, Jeff Grondolsky ("Respondent") has moved pursuant to Fed. R. Civ. P. 12(b)(1) to dismiss this Petition for a lack of subject matter jurisdiction. For the reasons set forth below, this Court grants the Respondent's motion to dismiss because this Court lacks jurisdiction to consider the instant Petition.

## I. BACKGROUND

The following facts are taken from the instant Petition and the earlier petitions Mr. Carreras filed, and are accepted as true for the purposes of this Opinion.

### A. Conviction and Direct Appeal

Humbert Carreras ("Petitioner") is a federal prisoner in the custody of the Federal Corrections Institution at Fort Dix, New Jersey. (Docket Item 1 at 1.) The Petitioner has been incarcerated since 1995, when he was tried and convicted by a jury in the District Court for the District of Puerto Rico for drug-trafficking crimes pursuant to 21 U.S.C. §§ 841(a)(1), 846. (Id. at 2; see also Carreras v. DeRosa, Civil Action No. 04-3704 (JEI) dkt. item 2 at 1; United States v. Carreras, 851 F. Supp. 502, 504 (D.P.R. 1994) (detailing factual background of the Petitioner's criminal conduct)). The Petitioner appealed his conviction on various grounds,[2] but the Court of Appeals for the

---

28 U.S.C. §§ 2241(a), 2241(c)(3).
[2] The Petitioner initially raised a claim of ineffective assistance of counsel but withdrew this claim. United State v. Cruz, 86 F.3d 1147, 1996 WL 228563 , at *2 n.2 (1st Cir. 1996) (unpublished disposition).

2

First Circuit affirmed his conviction.  United State v. Cruz, 86 F.3d 1147, 1996 WL 228563 , at *2 (1st Cir. 1996) (unpublished disposition).

### B. Collateral Challenges

During the last fourteen years of incarceration, the Petitioner has repeatedly and unsuccessfully challenged the validity of his conviction and sentence through a variety of procedural mechanisms.[3]

In 1997, the Petitioner filed his initial habeas petition pursuant to § 2255 in the District Court for the District of Puerto Rico, challenging his conviction for, inter alia, ineffective assistance of counsel.  (Docket Item 1 at 2; see also 2004 Pet. at 3.)  That District Court denied his petition and subsequent application for a certificate of appealability.  (Docket Item 1 at 2.)  Similarly, the Court of Appeals for the First Circuit rejected two appeals of the District Court's ruling.  (Id. at 3; Carreras v. United States, No. 98-1746 (1st Cir. Feb. 4, 1999); Carreras v. United States, No. 98-1746 (1st Cir. Feb. 6, 1998)).

In 1999, the Petitioner redirected his efforts from the

---

[3] In addition to his various habeas claims, during the last fourteen years the Petitioner has also moved for a new trial based on new evidence pursuant to Fed. R. Crim. P. 33, and moved three times for relief pursuant to Fed. R. Civ. P. 60(b).  Each motion and associated appeal was denied.  (Docket Item 1 at 3-4; see also Carreras v. DeRosa, Civil Action No. 04-3704 (JEI) dkt. item 2 at 2 (reviewing the history of the Petitioner's post-trial motion practice)).

sentencing district to the custodial district, the District of New Jersey. He filed a habeas petition pursuant to § 2241 in this Court, challenging his conviction for, inter alia, ineffective assistance of counsel. (1999 Pet. at 6.) The Hon. Joseph E. Irenas denied the petition, finding the Court did not have jurisdiction under In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997). (Docket Item 1 at 3; Carreras v. Beeler, Civil Action No. 99-3399 (JEI); see Carreras v. DeRosa, Civil Action No. 04-3704 (JEI) dkt. item 2 at 3). The Petitioner appealed, and the Third Circuit affirmed this Court's ruling. (Docket Item 1 at 3); Carreras v. Beeler, 216 F.3d 1075 (3d Cir. 1999).

In 2001, the Petitioner applied to the First Circuit for certification to file a second habeas petition pursuant to § 2255, based on the ruling in Apprendi v. New Jersey, 530 U.S. 466 (2000). Again, the Petitioner's claim was denied. (Docket Item 1 at 3); Carreras v. United States, No. 01-1188 (1st Cir. Feb. 8, 2001); see e.g. Okereke v. United States, 307 F.3d 117 (3d Cir. 2002) (holding that Apprendi-based claims do not fall within the scope of the Dorsainvil exception).

Undeterred, when the Petitioner's former attorney plead guilty to drug-trafficking crimes in 2002, (Pet.'s Br. Ex. B at 10-11),[4] the Petitioner filed his second § 2241 habeas petition

---

[4] Since 1996, the Petitioner has alleged his attorney, Richard Canton, was also involved in drug-trafficking and maintained a compromising relationship with the Colombian cartel that "actually owned" the drugs which formed the basis of the Petitioner's conviction. (Docket Item 1 at 4 and at Ex. B, 10-

4

before this Court, challenging his conviction for, <u>inter alia</u>, ineffective assistance of counsel.  (Docket Item 1 at 5; 2004 Pet. at 5); <u>see also</u> <u>Carreras v. DeRosa</u>, Civil Action No. 04-3704 (JEI) dkt. item 2 at 3.  This Court denied that petition for a lack of jurisdiction, noting that the First Circuit previously rejected the Petitioner's ineffective assistance claims due to insufficient evidence.  <u>Carreras v. DeRosa</u>, Civil Action No. 04-3704 (JEI) dkt. item 2 at 3-4.  On appeal the Third Circuit affirmed this Court's ruling.  <u>Carreras v. DeRosa</u>, 130 Fed. Appx. 562, 563-64 (3d Cir. 2005) (per curiam).

In 2005, the Petitioner again applied for certification to file a successive § 2255 petition.  (Docket Item 1 at 3-4.)  The First Circuit again denied certification because he could not "establish by clear and convincing evidence that no reasonable factfinder would have found [him] guilty of the offense."  (<u>Id.</u>); <u>see</u> 28 U.S.C. § 2255(h)(1).

On March 6, 2008, Carreras filed the instant Petition, his third § 2241 petition before this Court.  The Petitioner asserts that he is entitled to relief pursuant to § 2241, because § 2255 is an "inadequate or ineffective" means to raise his claims, since § 2255's gatekeeping provision[5] bars subsequent habeas

---

15.)
[5] Section 2255's gatekeeping provision provides that a Court of Appeals may certify a second or successive § 2255 petition only if it contains: "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the

proceedings based purely on a procedural defect.  Further, the Petitioner contends that § 2255's gatekeeping provision is an unreasonable procedural burden on a prisoner's constitutional right to challenge the legality of his detention; therefore, to avoid a de facto suspension of the Writ of Habeas Corpus, he urges this Court to construe the gatekeeping provision liberally and consider the merits of his habeas claims.  See U.S. Const. art. I, § 9, cl. 2.

In lieu of an Answer, the Respondent has moved to dismiss the instant Petition pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction.  The Respondent asserts that these claims are a challenge to a conviction or sentence under § 2241, and that this Court therefore only has jurisdiction over such claims if the Petitioner can prove that § 2255 is an "inadequate or ineffective" means to test the legality of his incarceration.  The Respondent contends that the Petitioner has not carried his burden of proof and that this Court thus has no authority under § 2241 to consider the merits of his Petition.[6]

---

offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."  28 U.S.C. § 2255(h).
[6] The Respondent also moved, in the alternative, for dismissal under the doctrine of res judicata; however, since this case is resolved at the threshold question of jurisdiction, it is unnecessary to reach the question of res judicata.

## II. DISCUSSION

### A. Habeas Jurisdiction

Through the 1948 revision of the Judicial Code and the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Congress has restricted a prisoner's access to habeas proceedings.[7] The Court reviews the law relevant to the Petitioner's attempted collateral challenge, and explains why his Petition must be dismissed in turn below.

First, Congress designated § 2255 as the presumptive and primary statutory vehicle for any habeas claim challenging a conviction or sentence. Okereke, 307 F.3d at 120 (3d Cir. 2002), cert. denied, 537 U.S. 1038 (2002); United States v. Miller, 197 F.3d 644, 648 n.2 (3d Cir. 1999); Dorsainvil, 119 F.3d at 249. Conversely, Congress expressly proscribed district courts from hearing habeas claims challenging a sentence under the authority of § 2241 in the majority of circumstances. § 2255(e); Cf. United States v. Walker, 980 F. Supp. 144, 145-46 (E.D. Pa. 1997)

---

[7] Congress enacted the 1948 Revision and promulgated AEDPA primarily to improve judicial economy and to limit excessive and meritless habeas claims, which were overwhelming courts in custodial districts. United States v. Hayman, 342 U.S. 205, 212-14 (1952); Wofford v. Scott, 177 F.3d 1236, 1239 (11th Cir. 1999) ("[§ 2255] both spread out among the districts the burden of handling such cases and also ensured that in most instances the proceeding would be conducted in the district where the necessary witnesses and records were located"); Triestman v. United States, 124 F.3d 361, 378 (2d Cir. 1997) (Through AEDPA, Congress intended to conserve judicial resources, discourage repetitive litigation, and encourage finality).

(collateral challenge to sentence should be brought under § 2255, while challenge to the manner in which the sentence is imposed should be brought under § 2241). In addition to limiting the scope of cognizable claims under § 2241, Congress channeled all habeas petitions challenging a sentence back to the sentencing district, obviating jurisdiction over such claims in the custodial district. Id.; Cradle v. U.S. ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam). Finally, through AEDPA Congress imposed a stringent gatekeeping provision which limited a prisoner's ability to file second or successive § 2255 habeas petitions. 28 U.S.C. §§ 2244(a), 2255; see United States v. Barrett, 178 F.3d 34, 57 (1st Cir. 1999) ("There is only one bite at the post-conviction apple unless [a petitioner can satisfy the gatekeeping provision]"). Before a successive § 2255 petition can be heard by the sentencing court, it must be certified by the Court of Appeals as containing:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

Thus, when a § 2241 habeas petition challenging a conviction or sentence is filed in the custodial district, it is "usually dismissed for a lack of subject matter jurisdiction." Nwanze v.

Hahn, 97 F. Supp. 2d 665, 669 (W.D. Pa. 2000); see also Application of Galante, 437 F.2d 1164, 1165 (3d Cir. 1971) (per curiam).

### B. The Exception: The Safety-Valve Provision

While a § 2255 habeas motion is the "usual avenue" for a prisoner to challenge his sentence, there is a narrow exception: the safety-valve provision.[8] § 2255(e); Dorsainvil,119 F.3d at 249, 251. The safety-valve provision authorizes a custodial court to hear general habeas claims under § 2241 only "if it appears that the remedy by [a § 2255] motion is inadequate or ineffective to test the legality of [the petitioner's] detention." 28 U.S.C. § 2255(h); Okereke v. United States, 307 F. 3d 117, 120 (3d Cir. 2002); United States v. Brooks, 230 F. 3d 643, 647 (3d Cir. 2000); Dorsainvil, 119 F.3d at 249.

In Dorsainvil, the Third Circuit held that a § 2255 motion is "inadequate or ineffective" when a "prisoner . . . had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate." Id. at

---

[8] Section 2255's safety-valve provision states:

> An application for a writ of habeas corpus [pursuant to § 2241] on behalf of a prisoner who is authorized to apply for relief by motion pursuant [to § 2255], shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, <u>unless it also appears that the remedy by [a § 2255] motion is inadequate or ineffective to test the legality of his detention</u>.

28 U.S.C. § 2255(e) (emphasis added).

251.  In that case, the prisoner had expended his initial § 2255 motion before a Supreme Court decision, Bailey v. United States, 516 U.S. 137 (1995), negated the unlawfulness of his conduct and supported a claim of "actual innocence."  Dorsainvil, 119 F.3d at 246.  Because Bailey decriminalized the very conduct for which Dorsainvil had been convicted years before, Dorsainvil never had the opportunity to present this claim in a timely § 2255 petition.  However, because Bailey was not a "new rule of constitutional law," § 2255 barred the prisoner from making this claim in a second habeas petition.  Id. (emphasis added).  Under these "unusual" facts, § 2255's restriction on successive habeas claims presented "thorny constitutional issues" because denying a potentially innocent prisoner any opportunity to challenge his incarceration would result in a "complete miscarriage of justice."  Id. at 248, 250-51; cf. Herrera v. Collins, 506 U.S. 390, 404 (1993).

Nevertheless, the Third Circuit has repeatedly and emphatically stated that the safety-valve provision provides a custodial court jurisdiction only in the very rarest of circumstances.  United States v. Baptiste, 223 F.3d 188, 190 (3d Cir. 2000) ("safety-valve provision . . . is narrow"); Cradle, 290 F. 3d at 538 ("narrow . . . exception set forth in Dorsainvil"); Okereke, 307 F.3d at 120 ("the narrow exception in Dorsainvil . . . was a rare situation . . . in Dorsainvil we carefully limited our holding"); Dorsainvil, 119 F. 3d at 250,

252; Costigan v. Yost, No. 09-1327, 2009 WL 1636907, at *3 (3d Cir. June 11, 2009) ("Dorsainvil's limited exception").  Clearly, the Dorsainvil exception is not an alternate avenue by which a prisoner can circumvent § 2255's restriction on successive habeas petitions; rather, it is only available to prevent the "complete miscarriage of justice" that occurs when a factually innocent prisoner is denied a "fair opportunity to seek collateral relief."  Cradle, 290 F.3d at 539; Dorsainvil, 119 F. 3d at 251-52.

For instance, § 2255 is not inadequate or ineffective merely because of a petitioner's "personal inability" to surmount § 2255 procedural requirements, the expiration of the statute of limitations, or the sentencing court's denial of his initial petition.  Cradle, 290 F.3d at 539.

Similarly, the inability to obtain additional evidentiary hearings for newly-discovered evidence does not establish that § 2255 is inadequate or ineffective.  To the contrary, a plain reading of the statute indicates Congress explicitly accounted for the possibility of new evidence and provided a remedy in the gatekeeping provision.  Cf. Galloway v. Samuels, No. 07-3257, 2007 WL 2904196, at *4 (D.N.J. Oct. 3, 2007) ("The acquisition of newly-discovered evidence does not establish that § 2255 is inadequate or ineffective as a means to challenge a conviction or sentence").

Further, the inability to raise a collateral challenge on grounds falling short of the petitioner's actual innocence does not demonstrate that § 2255 is inadequate or ineffective. For example, in Okereke the Third Circuit reversed the District Court and held there was no jurisdiction under § 2241 where the gatekeeping provision precluded a petitioner from challenging his sentence based upon Apprendi v. New Jersey, 530 U.S. 466 (2000). That petitioner's claim did not fit within the safety-valve provision's narrow confines because, unlike Dorsainvil, the change in law did not "negate" the crime for which he had been convicted. Dorsainvil, 119 F.3d at 251; see also Bousley v. United States, 523 U.S. 614, 624 (1998) ("'actual innocence' means factual innocence, not mere legal insufficiency"); Hazel v. Smith, 142 Fed. Appx. 131, 132 (3d Cir. 2005) cert. denied, 547 U.S. 1108 (2006) ("[a claim] of ineffective assistance of counsel . . . place[s] [a] petition squarely within the scope of § 2255").

The safety-valve exception only provides a custodial court with general habeas jurisdiction when the petitioner carries his burden of demonstrating a <u>Dorsainvil</u>-like "limitation of scope or procedure" that makes a § 2255 proceeding incapable of "affording him a full hearing," <u>Cradle</u>, 290 F.3d at 538, to prove that the petitioner is "actually innocent of the crime charged." Brown v. Mendez, 167 F. Supp. 2d 723, 727 (M.D. Pa. 2001). Okereke, 307 F.3d at 120; see Brooks, 230 F.3d at 648 (noting in dicta that a

"limitation of scope or procedure" exists when the district court proceeding was "defective or not meaningful" or the court "was without authority to grant the full relief he sought").

### C. The Petitioner's Claim

Turning to the case at bar, the Petitioner asserts that § 2255 is ineffective because its gatekeeping provision bars the Petitioner from filing a successive § 2255 petition to assert his ineffective assistance of counsel challenge, and that he is therefore entitled to an additional habeas proceeding under § 2241.[9]  This argument is without merit.  A prisoner is only entitled to one unhindered collateral challenge. See In re Davenport, 147 F.3d 605, 610 (7th Cir. 1998) ("Section 2255 gives a convicted defendant only one further bite at the apple after his direct appeal unless he can demonstrate a compelling reason . . . for being allowed a third bite").  Here, the Petitioner has previously enjoyed the full opportunity to challenge his conviction on many grounds, including ineffective assistance of

---

[9]  Because, as is explained infra, the Court lacks jurisdiction to entertain the instant Petition, it does not address in detail the Petitioner's constitutional challenge to AEDPA's gatekeeping provision.  It suffices to note, however, that the Supreme Court of the United States has held that the gatekeeping provision does not violate the Suspension Clause.  Boumediene v. Bush, --- U.S. ---, 128 S. Ct. 2229, 2264 (U.S. 2008) ("We upheld [the gatekeeping] provisions against a Suspension Clause challenge"); Felker v. Turpin, 518 U.S. 651, 664 (1996) ("The added restrictions which [AEDPA] places on second habeas petitions . . . do not amount to a 'suspension' of the writ contrary to Article I, § 9"); Swain v. Pressely, 430 U.S. 372, 381 (1977) ("hold[ing] that [a D.C. statute identical to § 2255 did] not suspend[] the writ of habeas corpus within the meaning of Art. I, s 9, cl. 2.").

counsel, pursuant to § 2255.  Thus, an additional bite at the apple is only available if the Petitioner can overcome the procedural limitations imposed by the gatekeeping provision by seeking leave from the Court of Appeals for the First Circuit to file a successive § 2255 petition, or if he can satisfy Dorsainvil's stringent requirements for invoking the safety-valve provision.

Unlike the rare constellation of facts in Dorsainvil, here the prisoner cannot align himself with even one of the law's requirements.  Under Dorsainvil, this Court would have jurisdiction if, and only if, the Petitioner demonstrated (1) his "actual innocence" (2) as a result of a retroactive change in substantive law that negates the criminality of his conduct (3) for which he had no other opportunity to seek judicial review. 119 F.3d at 251-52; Cradle, 290 F.3d at 539; Okereke, 307 F.3d at 120.  Here, the Petitioner did not aver to actual innocence.  Nor did he proffer any change in law that would legalize his drug-trafficking conduct.  Moreover, unlike the petitioner in Dorsainvil, he has had ample opportunities during the last decade to raise his claim of ineffective assistance of counsel, as the summary of the Petitioner's numerous post-conviction and collateral challenges, supra, makes plain.

Morever, the Petitioner's inability to reassert his ineffective assistance of counsel challenge through a second § 2255 petition does not demonstrate a limitation in the scope or

14

procedure of § 2255.  Here, like <u>Okereke</u>, the claim does not address the underlying criminality of the Petitioner's conduct.  So, like the prisoner in <u>Okereke</u>, the Petitioner's inability to pursue a <u>second</u> § 2255 habeas petition does not prove the inadequacy or ineffectiveness of § 2255, nor does it support jurisdiction.  <u>Okereke</u>, 307 F3d at 120-21.

In conclusion, the Petitioner had a meaningful opportunity to raise these claims in the sentencing district under § 2255.  <u>See</u> <u>Brooks</u>, 230 F.3d at 649.  The law clearly states that "personal inability" to satisfy the evidentiary requirements of the gatekeeping provision does not demonstrate the inadequacy or ineffectiveness of § 2255.  Thus, if this Court entertained the Petitioner's claims, it would be overstepping the statutory limits of its authority and undermine Congress' intent to restrict a prisoner's access to habeas relief.  <u>See</u> Id. at 648-49 (allowing a petitioner to "seek review of the [sentencing] court's decision in [the custodial] court pursuant to our power under § 2241 . . . would be eviscerating Congress' intent").

Accordingly, this Petition must be recharacterized as a habeas petition pursuant to § 2255,[10] over which this Court lacks

---

[10] Although this Court is reclassifying this Petition as a § 2255 motion, no <u>Miller</u> notice and order is required to provide the Petitioner an opportunity to raise additional § 2255 grounds.  The purpose of the Third Circuit's decision in <u>Miller v. United States</u>, 197 F.3d 644 (3d Cir. 1999), was to provide fair warning to petitioners whose petitions were being recharacterized as § 2255 motions so that they could ensure that all their claims were fully raised in a single all-encompassing § 2255 petition.  Such warning, the <u>Miller</u> court reasoned, is necessary because

jurisdiction, and which is foreclosed by AEDPA's restriction on successive § 2255 petitions.

Because the Court lacks jurisdiction to consider the Petitioner's successive § 2255 Petition, the Respondent's motion to dismiss will be granted.

## III. CONCLUSION

For the reasons set forth above, the Respondent's motion to dismiss will be granted and the instant Petition will be dismissed.  The accompanying Order is entered.


**July 9, 2009**                                    **s/ Jerome B. Simandle**
Date                                                JEROME B. SIMANDLE
                                                    United States District Judge

---

petitioners will thereafter be unable to file "second or successive § 2255 petitions without certification by the Court of Appeals."  Because the Petitioner here has already pursued an unsuccessful first § 2255 motion, no purpose would be served by a <u>Miller</u> notice.